UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**

CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

| | |
|---|---|
| CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INVESTMENT INCOME PROPERTIES OF AMERICA, INC.; DR. MARK BEHAR, P.A.; and ROY H. BROSKY,<br><br>Defendant. | Case No. 00-6194-CIV-GRAHAM<br><br>Magistrate Judge Turnoff<br><br>**PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW** |

The plaintiff, CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., hereby moves for an award of attorneys' fees and costs against defendant, INVESTMENT INCOME PROPERTIES OF AMERICA, INC., pursuant to Local Rule 7.3 on the following grounds:

1. Concurrent with the filing of this motion for fees and costs, plaintiff and defendant are filing a *Joint Stipulation of Dismissal with a Reservation of Jurisdiction to Allow for Enforcement of the Settlement Agreement and for Plaintiff to File an Application for Fees and Costs*. Pursuant to that joint stipulation, "the parties jointly stipulate to dismissal of this action in its entirety, subject to the court's continued jurisdiction to enforce the settlement agreement and to determine fees and costs upon application of same by plaintiff."

2. Attached hereto as Exhibit 1 is a copy of a settlement agreement between the plaintiff, CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., and the defendant,



1

INVESTMENT INCOME PROPERTIES OF AMERICA, INC. Pursuant to said agreement, defendant is making the modifications to its place of public accommodation which were sought by plaintiff in this action. Accordingly, plaintiff is a prevailing party for purposes of this litigation and is entitled to fees and costs. The settlement agreement, at paragraph 2, expresses the parties' agreement to allow the plaintiff to file a motion for fees and costs inasmuch as the parties have not agreed as to the appropriate amount of fees and costs.

3. As the prevailing party, pursuant to 42 U.S.C § 1988, 42 U.S.C. § 12205, and the criteria established in <u>Norman v. Housing Auth. Of the City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988)(en banc), plaintiff seeks an award of attorneys' fees in the amount of $2,780.00, which is current through April 20, 2000, plus any amount necessary for further litigation of this matter.[1] An itemization of the fees billed in this litigation through April 20, 2000, is submitted herewith as Schedule A to the affidavit of Lance J. Wogalter, being filed herewith. The terms of the fee agreement between plaintiff and its counsel, Lance J. Wogalter, Esq., was that Mr. Wogalter would be compensated on a contingency basis. The fee agreement provided that counsel was authorized to pursue a reasonable attorney's fee from the defendant pursuant to applicable statute in plaintiff's ADA action. The reasonableness of the hourly rates charged by plaintiff's counsel and the amount of time expended by plaintiff's counsel in this litigation are attested to in affidavits of local attorneys F. Scott Fistel, Esq. and Robert Anthony Bogdan, Esq. filed simultaneously with this motion. Pursuant to Local Rule 7.3, Lance J. Wogalter, Esq., counsel for plaintiff, certifies in an affidavit submitted herewith that he has fully reviewed the data supporting this motion, and that the motion is well grounded in fact and is justified.

---

[1] Plaintiff reserved the right to amend and supplement this motion to cover future fees.

4.      Additionally, plaintiff is entitled to costs, and a bill of costs is being filed herewith in the amount of $195.00.

## INCORPORATED MEMORANDUM OF LAW

**I.      Plaintiff Is Entitled To Recover Costs Pursuant to Fed.R.Civ.P. 54(d).**

Rule 54(d) of the Federal Rules of Civil Procedure directs that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." See Cochran v. E.I. duPont de Nemours, 933 F.2d 1533, 1540 (11th Cir. 1991), cert. denied, 112 S. Ct. 881 (1992). The courts have interpreted this language as creating a presumption that the prevailing party will recover its costs. See, e.g., Desisto College, Inc. v. Town of Howey-In-The Hills, 718 F. Supp. 906, 910 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990). In this case, there is no reason for the Court to reduce the amount of costs sought. Plaintiff is therefore entitled to recover costs in the amount of $195.00, as more specifically described in the bill of costs to be filed and in the affidavit of Lance J. Wogalter, plus interest accruing from the date of final judgement in this action.[2]

**II.     As The Prevailing Party, Plaintiff Is Entitled To Recover His Attorneys' Fees.**

A.      Standard For Awarding Fees To A Prevailing Plaintiff In ADA Cases

Section 505 of the ADA, 42 U.S.C. § 12205, authorizes reasonable attorneys' fees, including litigation expenses and costs, "in any action or administrative proceeding commenced pursuant to this act." The trial court has the discretion to award such fees to "the prevailing party."

As under other civil rights statutes, plaintiff's counsel is entitled to attorneys' fees when the

---

[2] Costs that are taxed pursuant to Fed.R.Civ.P. 54(d) should bear interest from the date of the final judgment. See Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (11th Cir. 1988) (when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment).

3

plaintiff can be said to have prevailed. For example, in *Kirkpatrick v. Department of Education*, 1994 WL 649325 (E.D. Pa. Nov. 15, 1994), the district court appropriately awarded attorneys' fees to plaintiff's counsel after an ADA Title II case settled. The court determined that the settlement would not have occurred but for the incentive represented by the ADA suit. It awarded attorneys' fees in the amount of 42 hours, and cost of $292. See also, *Fowler v. New York State Bd. of Law Examiners*, 885 F. Supp. 66, 69 (W.D.N.Y. 1994) (threat of suit and actual suit under ADA were significant incentives in causing change of position by board; therefore, attorneys' fees of $11,000 allowed); *New Jersey Citizen Action v. Riviera Motel Corp.*, 296 N.J. Super. 402, 418, 686 A.2d 1265, 1274 (App. Div. 1997) (affirming trial court judgment: counsel fees and costs can be awarded under ADA to association as "prevailing party" when it "succeeded on significant issues in litigation by obtaining beneficial relief through a modification of defendant's behavior").

The Eleventh Circuit has set forth the standard for awarding attorneys' fees to a prevailing plaintiff in civil rights actions in <u>Norman v. Housing Auth. Of the City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988)(en banc), citing, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); <u>Riverside v. Rivera</u>, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986); <u>Pennsylvania v. Delaware Valley Citizens' Council</u>, 478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) (Delaware Valley Citizens' Council I); and <u>Pennsylvania v. Delaware Valley Citizens' Council</u>, 483 U.S. 711, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987) (Delaware Valley Citizens' Council II).

Under these cases, the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate. This is called the lodestar. <u>Hensley</u>, 461 U.S. at 433.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Blum v. Stenson, 465 U.S. at 895-96 n. 11, 104 S. Ct. at 1547 n. 11, accord, Gaines v. Dougherty County Board of Education, 775 F.2d 1565, 1571 (11th Cir.1985). Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

The next step in the computation of the lodestar is the ascertainment of reasonable hours. In this case, the reasonable hours expended by plaintiff's attorney's are set forth in Schedule A, which is an attachment to the affidavit of Lance J. Wogalter.

B.   The Fees Requested By Plaintiff Are Reasonable.

In the instant case, three South Florida lawyers whose practice includes representing clients in civil rights matters, including the Americans with Disabilities Act, have testified through affidavits that they have reviewed the hourly rates charged by plaintiff's attorney in this case, and determined them to be reasonable. (See affidavits of F. Scott Fistel and Robert Anthony Bogdan). They have also established that Mr. Wogalter has done efficient and quality work in matters such as this. Further, they have reviewed the itemization of time spent by plaintiff's attorney in this case, and have determined that the prosecution of this case was conducted in a reasonable, appropriate, and cost-effective manner. Absent some evidence to dispute the reasonableness of these hourly rates, the Court should accept the rates as reasonable. See King v. McCord, 707 F.2d 466, 468 (11th Cir. 1983) (trial judge cannot substitute his own judgment for uncontradicted evidence of attorneys'

fees, without explanation and record support).

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that the Court award it its reasonable attorneys' fees and costs expended in successfully litigating this action. Specifically, plaintiff requests an award of costs in the amount $195.00, and attorneys' fees in the current amount of $2,780.00, subject to supplementation for future fees and for time incurred in responding to defendant's opposition to this motion, if any.

Respectfully submitted,

Lance J. Wogalter, P.A.
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel. (954) 592-2184
Fax (954) 725-1303
Counsel for Plaintiff

By: _____
Lance J. Wogalter, Esq.

The foregoing instrument was acknowledged before me 4-21-00. Signer identified by personal knowledge.

OFFICIAL NOTARY SEAL
ROBERT ANTHONY BOGUAN
COMMISSION NUMBER
CC297168
MY COMMISSION EXPIRES
JAN. 16, 2004

_____ 4-21-00
Notary

### Certificate of Service

I certify that I have this 21st day of April, 2000, served a copy of the foregoing upon:

Douglas Layne
Sr. V.P. Property Management
INVESTMENT INCOME PROPERTIES OF AMERICA, INC.
950 N. Federal Hwy., Ste 219
Pompano Beach, FL 33062

_____

Exh. 1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation, | Case No. 00-6194-CIV-GRAHAM |
| Plaintiffs, | Magistrate Judge Turnoff |
| v. | **SETTLEMENT AGREEMENT** |
| INVESTMENT INCOME PROPERTIES OF AMERICA, INC.; DR. MARK BEHAR, P.A.; and ROY H. BROSKY, | |
| Defendant. | |

WHEREAS, Plaintiff, CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., and Defendant, INVESTMENT INCOME PROPERTIES OF AMERICA, INC., have reached agreement on the resolution of the matters in this case.

NOW, THEREFORE, the parties agree as follows:

1. Defendant, INVESTMENT INCOME PROPERTIES OF AMERICA, INC., agrees that it shall, no later than 60 days following the execution of this agreement:

    a. Install signage which is readable from vehicular traffic at the front of the building and halfway down each side of the building which indicates that handicap accessible parking spaces are available at the rear entrance of the building. The number of handicap parking spaces shall be increased to five (5). Four (4) of the spaces shall be at least 8 feet in width and shall also

1

include an access aisle on one side such that the parking space and the access aisle have a total space equal to 13 feet. At least one (1) of the spaces shall be van accessible and shall be at least 8 feet in width and shall also include an access aisle on one side such that the parking space and the access aisle have a total space equal to 16 feet. The spaces shall have the appropriate handicap parking signs.

b. The ramp which is located running from the rear parking lot to rear entrance door shall be modified to have the following features:

(1) Handrails shall be provided along both sides of ramp segments.

(2) The handrails shall be continuous and shall be parallel with the floor or ground surface.

(3) The clear space between the handrail and the wall shall be 1 - 1/2 in (38 mm).

(4) Gripping surfaces shall be continuous.

(5) Top of handrail gripping surfaces shall be mounted between 34 in and 38 in (865 mm and 965 mm) above ramp surfaces.

(6) Ends of handrails shall be either rounded or returned smoothly to floor, wall, or post.

(7) Handrails shall not rotate within their fittings.

(8) The maximum slope of the ramp shall be 1:12.

c. The public restrooms on the second floor shall be designated as handicap

    accessible and shall be modified or maintained as follows: the height of the toilet seats shall be between 17" and 19"; grab bars shall be mounted both behind and to one side of the toilet; the faucet handles and door handles shall be lever style handles operable with a closed fist; the height of towel dispensers and soap dispensers shall be easily reached by persons in wheelchairs; and the mirror bottoms shall be no more than 40 inches from the floor level. Additionally, the sink cabinet shall be removed under the sink to provide wheelchair access. The hot water pipes shall be insulated.

  c. A sign shall be placed near the restrooms on the first floor and next to all signs directing patrons to the restrooms which indicates that handicap accessible restrooms are available on the second floor.

  d. The elevator call buttons shall be centered at 42 in (1065 mm) above the floor. Call buttons shall be a minimum of 3/4 in (19 mm) in the smallest dimension. The button designating the up direction shall be on top. Buttons shall be raised or flush. Objects mounted beneath hall call buttons shall not project more than 4 inches. Elevator entrances shall have raised and Braille floor designations provided on both jambs. The centerline of the characters shall be 60 in (1525 mm) above the floor. Such characters shall be 2 in (50 mm) high and shall comply with Americans with Disabilities ADAAG Sec. 4.30.4. Permanently applied plates are acceptable if they are permanently fixed to the jambs.

2. The parties have not agreed as to the appropriate amount of fees and costs due

plaintiffs as prevailing parties. Accordingly, the parties agree that the plaintiff may file an appropriate application for fees and costs so that the Court may issue an order regarding same.

3. The parties shall, upon the execution of this agreement, file a joint stipulation of dismissal of the lawsuit in the form appended hereto.

Respectfully submitted,

Lance J. Wogalter, P.A.
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel. (954) 592-2184
Fax (954) 725-1303
Counsel for Plaintiff

By: _____
Lance J. Wogalter, Esq.

and

INVESTMENT INCOME PROPERTIES OF AMERICA, INC.
950 N. Federal Hwy., Ste 219
Pompano Beach, FL 33062
Tel.   (954) 783-2004
Fax   (954) 783-0206

By: _____
Douglas Layne
Sr. V.P. Property Management

4