UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CITIZENS CONCERNED ABOUT )
DISABILITY ACCESS, INC., a Florida )
not-for-profit corporation, )
 )
       Plaintiff, ) Case No. 00-6194-CIV-~~LENARD~~/TURNOFF (Graham)
 )
v. )
 )
TRINAMERICAN INSURANCE )
AGENCY, INC. D/B/A ALLSTATE )
INSURANCE COMPANIES; and )
SALVATORE D. DEFELICE, )
 )
       Defendants. )
 )

**RESPONSE TO ORDER TO SHOW CAUSE**

The court issued an order to show cause dated April 24, 2000. Plaintiff responds as follows:

Shortly following service of the complaint, counsel for plaintiff received a telephone call from one of the defendants, Sal DeFelice. Mr. Felice indicated that he had been served but had not retained counsel, and he inquired if plaintiff would grant him additional time to file an answer or otherwise respond. Counsel for plaintiff stated that he would be happy to oblige by asking the Court to grant the defendants additional time. Plaintiff did so by filing a *Consent Motion for Extension of Time for Defendants to respond to the Complaint*.[1] In said motion, plaintiff fully disclosed the

---

[1] Note: Counsel for Plaintiff only has records showing the motion was filed once, but the Court's order to show cause indicates that the Court received two copies of same on different

1

circumstances of the motion, i.e., "[H]e has communicated with a representative of one of the defendants and they have requested an extension. Plaintiff has no objection."

However, no defendants had filed a responsive pleading; nor had any counsel for any defendants, nor any of the defendants on a pro se basis, filed a notice of appearance. Plaintiff did fax to Mr. DeFelice a courtesy copy of the motion as well as the cover letter to the clerk of court which accompanied the mailing of the motion to the clerk's office for filing. Because no defendant nor any counsel for any defendant had filed an appearance, and because the motion was one that could be heard ex parte, counsel for plaintiff did not indicate on the motion a certificate of service. It is believed that this is appropriate under Fed. R. Civ. P. 5(a).

In any event, subsequent to the filing of that motion, counsel for plaintiff has met with Sal DeFelice and also with Angeleo Petreccia, who has identified himself as one of the property owners, and discussed the case. To plaintiff's knowledge, no defendant has filed a responsive pleading and all defendants are in default.

_____
Lance J. Wogalter, Esq.
Lance J. Wogalter, P.A.
Florida Bar No. 932183
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel.   954-592-2184
Fax   954-725-1303
Counsel for Plaintiff

Certificate of Service

I certify that I have this __3__ day of __May__, 2000, served a copy of the foregoing upon Angeleo Petreccia, 2635 N. Andrews Ave., Wilton Manors, FL 33311, and Sal De Felice, 2637 N. Andrews Ave., Wilton Manors, FL 33311, via U.S. Mail, first class postage prepaid.

_____

---

dates. All that the undersigned can surmise is that some sort of clerical error has resulted in duplicate filing.