UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6194-CIV-DLG
MAGISTRATE JUDGE TURNOFF

CITIZENS CONCERNED ABOUT
DISABILITY ACCESS, INC., a
Florida not-for-profit
corporation,

      Plaintiff,

v.

INVESTMENT INCOME PROPERTIES
OF AMERICA, INC., et al.,

      Defendants.
_____/



## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Verified Motion for an Award of Fees and Costs from Defendants Investment Income Properties of America, Inc. (D.E. 10.) For the reasons stated below, Plaintiff's motion should be granted.

### Background

In April of 2000, Plaintiff, Citizens Concerned About Disability Access, Inc., ("Citizens"), and Defendants, Investment Income Properties of America, Inc., ("IIPA"), entered into a Settlement Agreement ("Agreement") in the present matter, an action brought under the Americans with Disabilities Act ("ADA"). Pursuant to this Agreement, IIPA will make a number of modifications to promote easier access to IIPA's place of public accommodation (D.E. 10 at 2).

On April 21, 2000, Citizens and IIPA filed a Joint Stipulation of Dismissal with a Reservation of Jurisdiction to Allow for Enforcement of the Settlement Agreement and for Plaintiff



to File an Application for Fees and Costs ("Joint Stipulation") pursuant to the Agreement (D.E. 10 at 1). On April 26, 2000, the Court issued a final order dismissing the case pursuant to the terms of the Joint Stipulation. The matter was then referred to the undersigned for a Report and Recommendation on Citizens' Verified Motion for an Award of Fees and Costs. Citizens' Verified Motion is unopposed by IIPA. In its motion, Citizens asserts that it is a prevailing party and, as such, it is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 12205 and 28 U.S.C. § 1920.

## Legal Standard

Citizens seeks to recover $2,780.00 in attorney fees and $195.00 in costs. Each of these requests is governed by a separate legal standard.

A prevailing party is entitled to an award of reasonable attorney fees under 42 U.S.C. § 1988, 42 U.S.C. §12205 and 28 U.S.C. §1920. Citizens, however, bears the burden of establishing entitlement to fees and documenting the appropriate hours and hourly rate. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable fee award is calculated using the federal lodestar approach, requiring the court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 427 (1983); Norman, 836 F.2d at 1299. A reasonable hourly rate at which an attorney bills is determined by the prevailing market rate in the relevant legal community for similar services by lawyers who have a comparable reputation, experience and skills. See Norman, 836 F.2d at 1299. The party seeking attorney fees "bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates." Id.

A prevailing party may recover costs as a matter of course pursuant to Federal Rule of Civil

Procedure 54(d)(1). Congress has specifically delineated which costs are recoverable. See 28 U.S.C. § 1920. Section 1920 allows a prevailing party to recover the following types of costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special services. See id.

## Analysis

To properly determine if Citizens is entitled to attorney fees and costs, the court must first determine if Citizens is the prevailing party in this matter. "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 112 (1992). Citizens argues that it is the prevailing party in the Agreement reached between the two parties because IIPA modified its behavior in a way that directly benefitted Citizens. The Agreement stipulates that IIPA will modify its place of public accommodation in several ways, including the installation of handrails and signage to assist entry into the public accommodation to disabled people, modification of a wheelchair accessible ramp and designation and modification of handicap restrooms (D.E. 10). Indeed, the Agreement reached between IIPA and Citizens caused IIPA to change the way in which it accommodates disabled citizens, effectuating a direct benefit to Plaintiff. Thus, Citizens would be considered the prevailing party in this matter, entitling it to a reasonable attorney fee award.

The Court must next determine if the fee award requested by Citizens is reasonable. A

3

reasonable fee award is calculated using the federal lodestar approach. See Hensley, 461 U.S. at 433. The party requesting fees "bears the burden of producing evidence that the requested rate is in line with the prevailing market rates." See Norman, 836 F.2d at 1299. Evidence which speaks to the reasonableness of a rate must address actual rates billed and paid in other lawsuits. See id. Testimony that a given fee is reasonable is, alone, not enough evidence of the current market rate. See id.; see also Hensley, 461 U.S. at 439 n.15.

Citizens seeks attorney fees in the amount of $2,780.00, billed at a rate of $200.00 per hour for 13.9 hours (D.E. 11). This request is supported by three affidavits: one from Citizens' attorney, Lance J. Wogalter (D.E. 11), and two from disinterested attorneys who practice in Florida and are familiar with the type of litigation brought in this suit (D.E. 12 and 13). Indeed, a rate of $200.00 per hour is not unreasonable given other fee requests. See, e.g., Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (awarding $275.00 per hour); Knight v. State of Ala., 824 F. Supp. 1022, 1027 (N.D. Ala. 1993) (same); Cuban Museum of Arts and Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) (same). Accordingly, the undersigned finds that $200.00 per hour is a reasonable fee in this type of matter.

Next the Court must determine if the hours expended by Citizens were reasonable. Hours expended upon litigation are reasonable if they are not "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301; see Hensley, 461 U.S. at 434. The court has discretion in determining if the hours expended are reasonable. See Norman, 836 F.2d at 1301. The court may also consider the opinions of others in the field to determine if the hours expended were reasonable. See id. at 1301.

Citizens seeks to recover for 13.9 hours billed in litigating this matter. Because Citizens has

provided appropriate affidavits attesting to the reasonableness of the fee request and because IIPA does not object, the undersigned finds that 13.9 hours is a reasonable sum of hours expended. Based on the federal lodestar approach, the undersigned finds that the attorney fees to be awarded in this case are $2,780.00 (13.9 hours multiplied by $200.00 per hour).

Citizens also seeks costs in the amount of $150.00 for the filing fee and $45.00 for a process server. Costs regarding fees of the clerk and service of process are specifically recoverable under 28 U.S.C. §1920. As such, the undersigned recommends awarding $195.00 in costs.

Accordingly, the undersigned having reviewed the record and being otherwise fully advised in the premises, IT IS HEREBY RECOMMENDED THAT:

(1) Plaintiff's Motion for an Award of Fee and Costs be GRANTED;

(2) Plaintiff be AWARDED $2,780.00 in attorney's fees and $195.00 in costs, to a total award of **$2,975.00**

Pursuant to 28 U.S.C. §636(b)(1)(B) and (C), the parties may serve and file written objections with the Honorable Donald L. Graham. United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404, 405 (5th Cir. Unit B 1982).

RESPECTFULLY RECOMMENDED in Chambers, at Miami, Florida, this 11 day of June, 2000.

_____
WILLIAM C. TURNOFF
United States Magistrate Judge

c:  Hon. Donald L. Graham
    Lance Wogalter, Esq.
    Douglas Layne, Esq.